UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHAWN COLWELL,

    Plaintiff,

v.                                   CAUSE NO. 3:21-CV-690 DRL-MGG

BEANE *et al.*,

    Defendants.

OPINION AND ORDER

Shawn Colwell, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Colwell alleges that, on June 18, 2021, Lt. Beane was checking everyone's mattresses to see if they had a protective covering. Mr. Colwell's mattress did not have a cover. Lt. Beane forced Mr. Colwell to trade his mattress in for a new one with a cover, and then Lt. Beane asked Mr. Colwell to sign a remittance to pay $45.00 for the new mattress. Mr. Colwell refused. The remittance noted that Mr. Colwell refused to sign.

The same day, Mr. Colwell wrote to the offender trust accountant, T. Maston, and asked that the charge not be paid because Mr. Colwell explained that he did not agree to

pay for a new mattress and was not ordered to pay for it as a disciplinary sanction. On July 9, 2021, T. Maston deducted the funds from Mr. Colwell's account to cover the cost of the mattress. Mr. Colwell believes that forcing him to pay for the mattress without any pre-deprivation hearing violates the Fourteenth Amendment.

The Fourteenth Amendment guarantees prisoners the following procedural due process rights prior to being deprived of a protected interest through a prison disciplinary hearing: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decisionmaker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the factfinder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-73 (1974). To satisfy due process, before an inmate is deprived of a protected interest, there must be "some evidence" in the record to support the deprivation. *Superintendent, Mass Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985); *Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986). Thus, for instance, when an inmate alleges that funds were removed from his account to pay restitution related to a disciplinary offense without having a pre-deprivation hearing, he states a due process claim under the Fourteenth Amendment. *See Tonn v. Dittmann*, 607 Fed. Appx. 589 (7th Cir. 2015) ("Because Tonn adequately alleged that the restitution order was not supported by any evidence, we vacate the dismissal of Tonn's due-process claim[.]").

Here, Mr. Colwell represents that he suffered a deprivation of a protected interest without any pre-deprivation process at all: there were no disciplinary proceedings,

though he was required to pay a sum that is (in effect if not name) restitution or recompense as if he had been found guilty of such an offense. Inmates are not entitled to pre-deprivation process when subjected to a random or unauthorized event, such as when an inmate's property is lost, stolen, or destroyed. *See Parratt v. Taylor,* 451 U.S. 527, 530 (1981). But that does not appear to be what is going on here. Rather, Mr. Colwell's funds were taken without his consent, presumably because Lt. Beane believed Mr. Colwell damaged the protective cover on his mattress or for some other reason that must await discovery or other answer. Because inmates have a protected property interest in the funds of their personal accounts, Mr. Colwell cannot be subjected to what amounts to a disciplinary sanction of restitution without some pre-deprivation due process. Because it can be plausibly inferred that both Lt. Beane and T. Maston knew that Mr. Colwell had not agreed to pay for the mattress and had not received any pre-deprivation process, Mr. Colwell may proceed against them.

For these reasons, the court:

(1) GRANTS Shawn Colwell leave to proceed against Lt. Beans and T. Maston in their individual capacities for compensatory damages because they charged him restitution for a damaged mattress knowing he had received no pre-deprivation due process, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Lt. Beane and

T. Maston at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Lt. Beane and T. Maston to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

March 14, 2022                          *s/ Damon R. Leichty*
                                                    Judge, United States District Court